UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID L. BELMONTE,

                Plaintiff,

    v.

KING COUNTY, *et al.*,

               Defendants.

CASE NO. 2:24-cv-00518-JNW-DWC

ORDER DECLINING TO SERVE AMENDED COMPLAINT

      Plaintiff David L. Belmonte (also known as Damers Shirak Duranzan), proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. After screening Plaintiff's initial complaint and identifying several deficiencies, the Court granted Plaintiff leave to file an amended complaint and, if possible, cure his pleading deficiencies. Dkt. 5.

      On May 30, 2024, Plaintiff filed an Amended Complaint. Dkt. 6. Having reviewed and screened these amended pleadings, the Court finds several deficiencies remain. Therefore, the Court declines to serve the Amended Complaint but provides Plaintiff leave to file a second amended complaint by July 8, 2024, to cure his pleading deficiencies.

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 1

## I. Background

Plaintiff is currently detained at King County Jail, where he is awaiting trial in an unspecified state-court prosecution. *See* Dkt. 1-1. In his Amended Complaint, Plaintiff challenges different aspects of his state-court prosecution and arrest and of the conditions of his confinement at King County Jail. Dkt. 6 at 9–34.

Plaintiff organizes his claims into nine counts for relief; Counts I, II, III, IV, VIII, and IX concern Plaintiff's state-court prosecution and arrest whereas Counts V, VI, and VII concern various conditions of his confinement at King County Jail. *Id.* As relief, Plaintiff seeks monetary damages and declaratory and injunctive relief. *Id.* at 35.

## II. Discussion

Plaintiff's Amended Complaint, and any future pleadings in this action, remain subject to review and dismissal under 28 U.S.C. § 1915(e). Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 2

Upon review, Plaintiff's Amended Complaint contains several deficiencies that prevent him from filing a serviceable complaint. The Court will address each deficiency below and, if applicable, explain how Plaintiff may cure his deficiencies in any amended pleadings.

## A. Section 1983 v. Habeas Claims

First, Plaintiff asserts several constitutional claims arising out of his ongoing state-court prosecution: ineffective assistance of counsel (Count I), speedy trial (Count I), right to self-representation (Count II), malicious prosecution (Count IV), and wrongful arrest/imprisonment (Count IV). Dkt. 6 at 9–23. But none of Plaintiff's claims challenging the validity of his state court prosecution may be brought in a § 1983 action at this time. Plaintiff was previously advised that he may not challenge the validity of his state-court prosecution under § 1983, as the sole mechanism for bringing such claims is through filing a federal habeas petition pursuant to 28 U.S.C. § 2241(pre-conviction habeas petitions) or § 2254 (post-conviction habeas petitions). Dkt. 5 at 12 (footnote 1).

As the Court noted (Dkt. 5), many of Plaintiff's claims challenge the validity of his state-court prosecution and must be raised in a habeas corpus petition rather than in a § 1983 complaint. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotations and citations omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

Applying these principles here, Plaintiff's claims related to the validity and constitutionality of his state-court prosecution challenge the *fact* of his confinement and are

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 3

properly raised in a federal habeas petition, but such claims are not cognizable in the instant § 1983 civil rights action. In contrast, Plaintiff's claims related to the *conditions* of his confinement (*i.e.*, the adequacy of the religious meal accommodations at King County Jail) may properly be pursed under § 1983 at this time. Thus, the inclusion of habeas claims in his Amended Complaint prevents Plaintiff from filing a serviceable § 1983 complaint. If Plaintiff again fails to cure these pleading deficiencies, the undersigned will recommend dismissal of this action.

B.     *Younger* Abstention Doctrine

Next, Plaintiff was previously advised his ineffective assistance of counsel and speedy trial claims in his initial complaint were deficient under the *Younger* abstention doctrine as federal adjudication of those claims could unduly interfere with state criminal proceedings. Dkt. 5 at 11–12. Plaintiff was further advised it was unlikely he would be able to cure this deficiency by amending his complaint. *Id.* at 12. For the same reasons discussed in the Court's prior Screening Order, Plaintiff's ineffective assistance of counsel claim and his speedy trial claim reasserted in Count I of his Amended Complaint are deficient under the *Younger* abstention doctrine. *Id.* at 11–12; *see also Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (explaining that, absent extraordinary circumstances, federal district courts are required to abstain from speedy trial claims implicating ongoing state-court prosecutions); *Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that, under *Younger*, a pretrial detainees must raise ineffective assistance of counsel claims in his ongoing criminal proceeding, not in a § 1983 action). Likewise, his newly added claims challenging the validity of his state-court prosecution are deficient as adjudication of any of these claims in federal court could interfere with state-court proceedings and it appears no exception under *Younger* applies. *See Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 937 (E.D. Cal. 2021). Having been reminded of this additional

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 4

deficiency with claims concerning his state-court prosecution, Plaintiff must not include such claims in his amended pleadings.

**C.  Other Deficiencies**

The Court concludes with a brief discussion of two other deficiencies with Plaintiff's conditions of confinement claims that were not identified in the Court's prior Screening Order.

First, Plaintiff pleads a claim for "PREA violations" in Count VII of his Amended Complaint. Dkt. 6 at 28. The Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601, does not create a private right of action, which means private individuals are not able to sue for noncompliance with PREA. *E.g., Marlett v. Harrington*, No. 15-cv-1382, 2017 WL 6123613, at *4 (E.D. Cal. Oct. 16, 2015). Therefore, Plaintiff must not include a claim for "PREA violations" in his amended pleadings.[1] As noted above, inclusion of non-cognizable claims may result in a recommendation of dismissal for failure to state a claim, which constitutes a "strike" under the PLRA.

Second, Plaintiff appears to include several unrelated conditions of confinement claims in his Amended Complaint. Dkt. 6 at 24–25 (Count V medical care), 26–27 (Count VI religious meal accommodations), and 28–31 (Count VII first amendment retaliation). As such, the Court advises Plaintiff that unrelated claims against different defendants must be brought in separate actions pursuant to Rule 20 of the Federal Rules of Civil Procedure. Under Rule 20, Plaintiff may join claims against different defendants in a single action only if (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371,

---

[1] Plaintiff's inability to sue privately for PREA noncompliance does not prevent him from asserting a first amendment retaliation claim as he alleged in Count VII of the Amended Complaint

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 5

1375 (9th Cir. 1980). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to [three] the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Accordingly, Plaintiff may not assert multiple claims against different defendants in this action. That all the defendants named in his conditions of confinement claims are employed by King County Jail is not sufficient to support joinder of unrelated claims. In his second amended complaint, Plaintiff shall only bring claims against different defendants if those claims arise from the same series of transactions and occurrences and present questions of law or fact that are common to all defendants. If Plaintiff has numerous unrelated conditions of confinement claims against different defendants, he must pursue his claims in *separate* § 1983 actions.

### III.   Instructions to Plaintiff

Due to the deficiencies described above, the Court will not serve Plaintiff's Amended Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file a second amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 6

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the previous complaints by reference. The second amended complaint will act as a *complete substitute* for all previously filed complaints, and not as a supplement. Plaintiff should not attach exhibits to the second amended complaint and any exhibit will not be considered as part of the second amended complaint. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights. Finally, if Plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein (and in the Court's prior Screening Order) on or before July 8, 2024, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send Plaintiff the appropriate forms for filing habeas corpus petitions under 28 U.S.C. § 2241 and 28 U.S.C. § 2254. Finally, the Clerk is directed to send copies of this Order, the Court's prior Screening Order (Dkt. 5), and the *Pro Se* Instruction Sheet to Plaintiff

Dated this 6th day of June, 2024.

David W. Christel
United States Magistrate Judge