UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID L. BELMONTE,<br><br>                      Plaintiff,<br>     v.<br><br>KING COUNTY, *et al*.,<br><br>                      Defendants. | CASE NO. 2:24-cv-00518-JNW-DWC<br><br>ORDER DENYING MOTION FOR COUNSEL |

Plaintiff David L. Belmonte (also known as Damers Shirak Duranzan), proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Currently before the Court is Plaintiff's Motion to Appoint Counsel. Dks. 1-2, 8. For the reasons below, the Motion (Dkt. 8) is denied without prejudice.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981*); see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint voluntary counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)

(formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his *claims pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing (1) he has an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his Motion for Counsel, Plaintiff states he has contacted several attorneys, but none have agreed to represent him in this matter. Dkt. 8 at 2. Plaintiff makes no further statements regarding the propriety of appointing counsel in this case. While Plaintiff may be able to better litigate this case with appointed counsel, that fact alone does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Additionally, Plaintiff has yet to file pleadings adequate for service and, without a viable complaint and responsive pleadings, the Court is unable to assess his likelihood of success on the merits. Thus, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time.

Accordingly, the Motion for Counsel (Dkt. 8) is denied without prejudice.

Dated this 28th day of June, 2024.

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 2