1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  DAVID L BELMONTE (a/k/a                    CASE NO. C24-518 JNW
    DAMEAS SHIRUK DURANZAN),
11                                             ORDER ADOPTING REPORT AND
                    Plaintiff,                 RECOMMENDATION
12
            v.
13
    KING COUNTY, et al.,
14
                    Defendants.
15

16

17        This matter comes before the Court on Plaintiff's Objections to the Report and

18  Recommendation of Magistrate Judge Christel. (Dkt. No. 18.) Having reviewed the Objections,

19  the Report and Recommendation (R&R) (Dkt. No. 17), and all supporting materials, the Court

20  OVERRULES the Objections, ADOPTS the R&R and DISMISSES this action without

21  prejudice.

22                              **BACKGROUND**

23        The R&R sets out in detail the procedural history of this action, and the pleading

24  deficiencies noted in Plaintiff's Second Amended Complaint (SAC). (Dkt. No. 17.) The Court

refers the reader to the R&R itself for further detail. In brief, the SAC focuses on several different events, including an ongoing prosecution, events surrounding Plaintiff's arrest, and the conditions of his confinement. The SAC contains a variety of claims: ineffective assistance of counsel and speedy trial violations (Count I); interference with effective self-representation (Count II); malicious prosecution and wrongful arrest/imprisonment; (Count III), excessive force (Count IV); inadequate medical care (Count V); religious meal claims (Count VI); retaliation and cruel and unusual punishment (Count VII); IIED (Count VIII); and wrongful death (IX). (SAC (Dkt. No. 14).) As the R&R explains:

> As relief, the second amended complaint requests monetary, declaratory, and injunctive relief relating to Plaintiff's conditions of confinement and his ongoing prosecution. Id. The ineffective assistance of counsel and speedy trial claims alleged in Count I are pled as class action claims requesting relief on a class-wide basis. Id. at 1–8, 26.

> Plaintiff also filed a declaration in support of his second amended complaint. Dkt. 15. In his declaration, Plaintiff contends that his ineffective assistance of counsel claim is not subject to Younger abstention. Id. He further contends that, because each claim in the second amended complaint flows from his initial arrest, imprisonment, and malicious prosecution, each is related and may be pursued in a single action. Id.

(R&R at 4-5.)

As to Counts I and II, the R&R found that the Court must abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37 (1971). As to the remaining claims, the Court recommended dismissal because they are misjoined claims that do not identify common factual issues or a viable common defendant.

Plaintiff has filed Objections, in which he argues: (1) the R&R failed to identify certain facts alleged in the SAC that he believes impacts the legal analysis; (2) he is entitled to pursue Sixth Amendment claims even if he is pro se (Obj'ns at 1); (2) he is represented by counsel because "[h]e currently has hybrid representation in the ongoing case in King County" (id.); (3) Younger does not apply to the claims relating to what he calls a "now dismissed cause number

for charges that were dismissed for lack of probable cause, [and] fraud and misrepresentation" (id.); (4) his claims are properly joined because they concern "the cooperation and collusion between King County and City of Seattle in allowing the unlawful arrest, false imprisonment and malicious prosecution of Plaintiff" (id. at 2); (5) the proposed class action should survive even though Plaintiff is pro se (id.); (6) the Court should appoint counsel (id.); (7) Plaintiff believes he can articulate claims with merit, but he "struggles to articulate due to his developmental disability, Autism Spectrum Disorder" and does not "understand what is going on and why his claims are not being accepted" (id.); and (8) he has no income as does not want to have his claims "dismissed with one of his three strikes against his pro se status" (id.).

## ANALYSIS

### A.    Legal Standard

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

### B.    The R&R Correctly Applied Younger

Plaintiff has not identified any error in the R&R's conclusion that Younger abstention applies and precludes the Court's consideration of Counts I and II.

Under Younger, federal courts must abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v.

1   Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (quoting ReadyLink Healthcare, Inc. v. State

2   Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). But federal courts do not abstain under

3   Younger, if there is a "showing of bad faith, harassment, or some other extraordinary

4   circumstance that would make abstention inappropriate." Middlesex County Ethics Comm'n v.

5   Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

6       Plaintiff has not identified any error in the R&R's analysis of this issue. First, as to the

7   first Younger consideration, the R&R correctly identified that Plaintiff is attacking an ongoing

8   state proceeding. (R&R at 7.) And in his Objections, Plaintiff concedes this point, stating that

9   "[h]e currently has hybrid representation in the ongoing case in King County." (Obj'ns at 1.)

10  Second, as to the other three Younger considerations, the R&R correctly found that the ongoing

11  prosecution implicates state interests, that Plaintiff has adequate opportunities to address his

12  constitutional concerns during the criminal proceedings or on direct appeal (or collateral review)

13  if there is a conviction, and that a favorable disposition on his claims in this matter would

14  effectively enjoin the ongoing prosecution. (R&R at 7-9.) Plaintiff offers no criticism of these

15  determinations. And the Court ADOPTS the R&R's Younger analysis.

16      Similarly, Plaintiff has not demonstrated any reason why the R&R erred in failing to

17  allow him to pursue Count I as a class action. The R&R rejected this request, noting that

18  Plaintiff's reliance on Wilbur v. City of Mount Vernon, 989 F. Supp. 2d 1122 (W.D. Wash.

19  2013) was not persuasive. The R&R found three distinctions with Wilbur. First, while each

20  plaintiff in Wilbur was represented by counsel in each underlying prosecution and could bring

21  ineffective assistance of counsel claims, Plaintiff here is representing himself in the underlying

22  prosecution and has no such claims. Second, the plaintiffs in Wilbur were represented by counsel

23  in the civil class action lawsuit, while Plaintiff here appears pro se, and is not able to represent

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

1  others in a class action. Third, the Court in <u>Wilbur</u> identified systemic problems with the public

2  defense system that warranted issuance of classwide injunctive relief, while Plaintiff here has not

3  identified similar systemic concerns. In his objections, Plaintiff argues that he "can make 6th

4  Amendment objections when not represented by counsel"—apparently to address the R&R's

5  first point. But Plaintiff has not articulated how he could bring ineffective assistance of counsel

6  claims arising out of his performance representing himself in the prosecution. This argument

7  does not convince the Court the R&R erred. Second, Plaintiff argues that the R&R is incorrect

8  because he is represented by counsel. But the attorney assisting Plaintiff in a "hybrid

9  representation" is limited to the criminal prosecution, and no attorney has agreed to represent

10  him and a proposed class in an action before this Court. As such, the R&R's conclusions about

11  Plaintiff's inability to pursue class action claims as a <u>pro se</u> individual remain valid. Lastly, the

12  Court finds no grounds to appoint counsel, particularly where the claims here are otherwise

13  subject to <u>Younger</u> abstention. In other words, appointment of counsel would be futile. The

14  Court therefore OVERRULES these objections and ADOPTS the R&R's conclusions as to the

15  class-specific claims.

16  **C.    Misjoined Claims**

17      The Court agrees with the R&R's conclusions that the remaining counts cannot proceed

18  in this action because the claims and defendants are misjoined. The sprawling claims against a

19  variety of different defendants share different factual bases that lack any unifying defendant or

20  defendants. They are not properly joined under Federal Rule of Civil Procedure 20(a)(1) as the

21  R&R correctly explains, and severance is not a viable means of addressing these concerns.

22      Plaintiff presents only one objection, arguing that his claims are all "associated from the

23  cooperation and collusion between King County and City of Seattle in allowing the unlawful

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

1    arrest, false imprisonment and malicious prosecution of Plaintiff." (Obj'ns at 2.) This is a

2    reference to Count III of the SAC, which has a title of "unlawful arrest, imprisonment, and

3    malicious prosecution." (Dkt. No. 14.) The R&R correctly rejects this as a unifying theory,

4    noting that the allegations are part of an "all-encompassing pleading style" that cannot be used to

5    attack an ongoing prosecution by challenging the conditions of confinement. (R&R at 13-14.)

6    Additionally, the Court agrees with the R&R that Plaintiff has not provided sufficient factual

7    allegations of a custom or policy that might make it King County liable for these claims under

8    Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). (R&R at 13.) Thus, the

9    inclusion of King County as a defendant does not solve the fact that the SAC contains

10   improperly joined claims and defendants. The Court OVERRULES the Objections and ADOPTS

11   the R&R.

### CONCLUSION

13        Plaintiff has failed to identify any flaw in the legal and factual analysis of the R&R and

14   its conclusions that this action must be dismissed. The Court agrees with the R&R's conclusion

15   as to Younger abstention and misjoinder. As such, the Court ADOPTS the R&R and

16   OVERRULES the Objections. The Court DIMISSES this action without prejudice.

17        The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

18        Dated April 8, 2025.

20        Marsha J. Pechman
          United States Senior District Judge